IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEONOR HERNANDEZ, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-CV-3515-N-BK |
| | § | |
| MAPEI CORPORATION, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3* and 28 U.S.C. § 636, this case has been referred to the undersigned for pretrial management. The Court now considers Defendant's *Motion to Dismiss*. Doc. 14. After reviewing the motion, responsive pleadings, and applicable law, the Court recommends that Defendant's *Motion to Dismiss* be **GRANTED**.

**A. Procedural History**

In December 2017, Leonor Hernandez ("Plaintiff"), proceeding *pro se*, filed this employment discrimination suit against her former employer, Mapei Corporation ("Defendant"). Doc. 3 at 1. In her *Complaint* and *Answers to Magistrate Judge's Questionnaire* ("*Answers*"), Plaintiff alleges that while employed by Defendant, she was subjected to a hostile work environment based on her race and gender and suffered retaliation. Doc. 3; Doc. 8 at 1-2.

According to Plaintiff, she was employed as Regional Human Resources ("HR") Manager but was demoted to HR Manager, after which she resigned. Doc. 3 at 1; Doc. 8 at 2-3, 9. Plaintiff claims the demotion was retaliatory due to her boyfriend's previous claims of discrimination against Defendant filed with the Equal Employment Opportunity Commission ("EEOC"). Doc. 8 at 3. Plaintiff further alleges that she was subjected to a hostile work environment in which she was intimidated and screamed at, which negatively affected her health

and made it "unbearable" for her to continue working there. Doc. 3 at 1; Doc. 8 at 3. Plaintiff also asserts that she suffered retaliation after making complaints against three named individuals. Doc. 8 at 3.

In February 2018, Defendant filed its *Motion to Dismiss* pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 14. After initially failing to timely respond, Plaintiff filed her response in April 2018, after being ordered to do so if she opposed the relief sought. Doc. 15; Doc. 16.

### B. Applicable Law

A plaintiff's complaint can be dismissed for "failure to state a claim upon which relief can be granted." FED.R.CIV.P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege enough facts to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). To overcome a Rule 12(b)(6) motion, a complaint "must contain either direct allegations on every material point necessary to sustain a recovery… or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted) (ellipses in original). Therefore, a complaint is not sufficient if it merely contains "naked assertions" devoid of factual enhancement. *Iqbal*, 556 U.S. at 678.

In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). Moreover, in determining if a complaint states a plausible claim for relief, a court must "draw on

its judicial experience and common sense." *Id.* at 679.  A court should assume the veracity of well-pleaded factual allegations and then decide if they plausibly give rise to a claim for relief. *Id.*

Here, because Plaintiff is proceeding without the assistance of counsel, the Court liberally construes the factual allegations set forth in her *Complaint* and *Answers*.  See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding that a *pro se* litigant's pleadings are to be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers) (citation omitted). However, regardless of whether a plaintiff is proceeding *pro se* or is represented by counsel, pleadings must state specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

### C. Analysis

*Plaintiff's Hostile Work Environment Claim*

Title VII prohibits discrimination in employment on the basis of race and gender and is violated "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult . . . that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotations and citation omitted).  To establish a *prima facie* claim of hostile work environment, a plaintiff must allege that: (1) she is a member of a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment was based on race or some other protected characteristic; (4) the harassment affected a term, condition, or privilege of employment; and, if the harasser was not a person with supervisory authority over the plaintiff, (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action.  *Watts v. Kroger Co.*, 170 F.3d 505, 509 (5th Cir. 1999).

To be sufficiently severe or pervasive to alter the conditions of employment, the harassment complained of must be both objectively and subjectively offensive. *Id*. "[N]ot only must the victim perceive the environment as hostile, the conduct must also be such that a reasonable person would find it to be hostile or abusive." *EEOC v. WC&M Enter., Inc*., 496 F.3d 393, 399 (5th Cir. 2007). The Court employs a totality of circumstances test to determine whether an environment is objectively offensive and considers the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, and whether it unreasonably interferes with an employee's work performance. *Septimus v. Univ. of Houston*, 399 F.3d 601, 611 (5th Cir. 2005).

Defendant argues that Plaintiff's *Complaint* "entirely omits any facts to support any of the five prongs of her *prima facie* [hostile work environment claim]." Doc. 14 at 4 (some internal emphasis omitted). Additionally, Defendant asserts that Plaintiff has failed to allege any facts showing that the alleged harassment was sufficiently severe or pervasive. Doc. 14 at 5. Plaintiff responds that she repeatedly requested help from upper management regarding her alleged situation, but these requests only caused the harassment to escalate. Doc. 16 at 1-2.

This Court agrees with Defendant that dismissal is warranted in light of Plaintiff's bare bones *Complaint*, which simply alleges that she was subjected to a hostile work environment when she was "intimidated by glares and screamed at." Doc. 3 at 1. Even considering this allegation under the less stringent *pro se* standard, it is far from sufficient. While Plaintiff assert in her *Answers* that she was discriminated against on account of her race and sex, Doc. 8 at 2, she wholly fails to offer any factual enhancement from which it can be gleaned that the alleged discrimination was due to racial or gender bias, e.g., that similarly situated employees of different races or genders were treated more favorably. *See generally* Doc. 8; *Watts*, 170 F.3d at

4

509. Moreover, she has failed to provide any details of harassment she allegedly endured, e.g., the identity of the alleged perpetrator(s), dates and places of occurrence, specific acts committed. Doc. 3 at 1. As such, Plaintiff's pleadings do not sufficiently describe the severity of the alleged harassment. *See generally* Doc. 3 and Doc. 8.

Federal anti-discrimination statutes were not enacted to create a "general civility code" in the workplace. *Lauderdale v. Tex. Dept. of Crim. Justice*, 512 F.3d 157, 163 (5th Cir. 2007). "[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. at 788 (1998) (citations and internal quotation marks omitted). Thus, Plaintiff's complaint of being "intimidated by glares and screamed at," Doc. 3 at 1, does not meet the requisite level of severity needed to state a claim for hostile work environment discrimination. *See McConathy v. Dr. Pepper/Seven Up Corp.,* 131 F.3d 558, 564 (5th Cir. 1998) ("It is a simple fact that in a workplace, some workers will not get along with one another, and this Court will not elevate a few harsh words or 'cold-shouldering' to the level of an actionable offense.").

In sum, Plaintiff's allegations are insufficient to create a plausible basis to infer she was subjected to a hostile work environment while in Defendant's employ. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Iqbal*, 556 U.S. at 678, 680. Accordingly, to the extent that Plaintiff's *Complaint* and *Answers* can be liberally construed as a hostile work environment claim under Title VII, the claim should be **DISMISSED** under Rule 12(b)(6) for failure to state a claim.

*2. Plaintiff's Retaliation Claim*

"Title VII… prohibit[s] discrimination against employees who have opposed an unlawful employment practice, or made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under the employment practices statute." *Arora v. Starwood Hotels & Resorts Worldwide, Inc.,* 294 F. App'x 159, 162 n.11 (5th Cir. 2008) (per curiam) (citing 42 U.S.C. §2000e-3(a)). To state a *prima facie* case of retaliation, a plaintiff must allege that (1) she participated in a protected activity; (2) her employer took an adverse employment action against her; and (3) a causal connection existed between her protected activity and the adverse employment action. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 348 (5th Cir. 2007).

Under Title VII, a "protected activity" includes making charges, testifying, assisting, or participating in enforcement proceedings. 42 U.S.C. § 2000e-3. Furthermore, with regard to the second *prima facie* element, the Supreme Court has held that the adverse employment action must be objectively material, meaning that it must be such an action that "a reasonable employee would have found… [to be] materially adverse." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

Defendant argues in its *Motion* that Plaintiff "fails to provide any details to support any of the elements of her cause of action." Doc. 14 at 6-7. Plaintiff responds that she was subject to retaliation after she requested that her manager stop the intimidating behavior and was met with additional retaliation after making a complaint to her Human Resources Director. Doc. 16 at 1. Defendant argues in its *Reply*, that Plaintiff cannot bring allegations in her response that were not in the original *Complaint* and reiterates Plaintiff's failure to allege the required elements of her retaliation claim. Doc. 18 at 3, 6-8.

Again, after reviewing the pleadings as they stand, this Court agrees with Defendant that Plaintiff has not stated a claim. From what the Court can decipher from Plaintiff's *Answers*, she bases her retaliation claim on the fact that she was "subjected to a hostile work environment" "since issuing a complaint against Eliezer de [C]ote and discrimination against Cerlo Amato and Robert Piortek" that "made it unbearable" for her to continue working for Defendant. Doc. 8 at 3. She also complains that she was "demoted" from Regional HR Manager to HR Manager after her boyfriend filed a discrimination claim against Defendant with the EEOC. Doc. 8 at 3. As far as the Court can tell, the forced termination and demotion are the adverse employment actions about which Plaintiff complains.

Plaintiff does not specify what retaliatory actions were taken against her by de Cote, Amato or Piortek. Her claim that they "made it unbearable" is conclusory and patently insufficient. Moreover, Plaintiff's claim of retaliation on account of her boyfriend's protected activity fails as a matter of law, because she cannot claim her boyfriend's conduct as her own protected activity. *See Holt v. JTM Indus., Inc.*, 89 F.3d 1224, 1227 (5th Cir. 1996) (holding that a plaintiff, whose spouse filed a claim against employer and who presented no evidence that the plaintiff assisted in the filing in any way, was a passive observer and thus did not have standing to sue for retaliation). Therefore, to the extent Plaintiff has not alleged that she personally engaged in a protected activity, she fails to state an actionable retaliation claim.

Plaintiff also fails to allege a material adverse employment action. For reasons already addressed in detail *supra*, Plaintiff's allegation that her work environment was made "unbearable," leading her to quit, Doc. 8 at 3, is conclusory and fails to meet the standard of an adverse action. As to her purported demotion from Regional HR manager to HR manager, the facts she asserts do not support a finding that it amounted to an adverse employment action

7

either. In an EEOC intake questionnaire" attached to her *Answers*, Plaintiff claims that her job title at hire was "Regional Human Resources Manager" for which she was paid $70,000.42 a year. Doc. 8 at 9. When she resigned from her position, her job title was "Human Resources Manager," and her pay rate was $72,100.08 a year. Doc. 8 at 9. Indeed, it appears that despite this alleged "demotion," Plaintiff actually received a pay increase. A mere change in title, without more, is not a material adverse employment action. *See Aryain v. Wal-Mart Stores Texas LP*, 534 F.3d 473, 485 (5th Cir. 2008) (holding that a Plaintiff's transfer to a department she did not have a subjective preference for was not a materially adverse action). Accordingly, the Court finds that Plaintiff has failed to allege facts that plausibly suggest an entitlement to relief on her retaliation claim. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678, 680.

    *3. Opportunity to Amend*

"Generally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). Because there is no indication that Plaintiff cannot, or is unwilling to, cure the pleading the defects identified *supra*, and Plaintiff has yet to have an opportunity to amend her *Complaint*, leave to amend should be granted.

**D. Conclusion**

For the reasons stated above, Defendant's *Motion to Dismiss*, Doc. 14, should be **GRANTED**, and Plaintiff's claims should be **DISMISSED WITHOUT PREJUDICE** to Plaintiff filing a motion for leave to amend, accompanied by a proposed amended complaint that cures the deficiencies noted herein, within the time specified by the Court upon acceptance of

this recommendation. If Plaintiff fails to do so, said claims should also be dismissed with prejudice.

**SO RECOMMENDED** on August 10, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's findings, conclusions and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE